UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARCUS WILSON,

                              Petitioner,

                    -against-

AMY LAMANNA,

                              Respondent.

21-CV-10714 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, currently incarcerated at Five Points Correctional Facility, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, challenging his 2017 conviction in the New York Supreme Court, New York County. By order dated December 15, 2021, the Court granted Petitioner's request to proceed *in forma pauperis*. The Court directs Petitioner to file an amended petition within sixty days of the date of this order as detailed below.

## STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a Section 2254 petition without ordering a responsive pleading from the state, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se*

litigant is not exempt "from compliance with relevant rules of procedural and substantive law."

*Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

The following facts are taken from the petition and public court records. In 2017, a New

York County jury found Petitioner guilty of two counts of robbery in the second degree. (ECF 1

¶ 9.) The Appellate Division, First Department affirmed the conviction, and the Court of Appeals

denied Petitioner leave to appeal.[1] *See People v. Wilson*, 186 A.D.3d 1166 (1st Dep't 2020), 36

N.Y. 3d 1054 (Jan. 6, 2021).

In May 2021, while Petitioner was in punitive segregation in Auburn Correctional

Facility, prison officials took Petitioner's legal materials, which hindered his efforts to file in the

trial court a motion to vacate the judgment under N.Y. Criminal Procedure Law § 440.10. (*Id.* ¶¶

10-11a-b.) Thereafter, on an unspecified date, Petitioner filed a Section 440.10 motion, setting

forth the following grounds:

> double jeopardy/identification speedy trial/actual innocence ineffective assistance
> of counsel legally insufficient prosecutorial instrument no waiver for grand jury
> denial never conceded to adjournment D.A. offered 7 years and lawyer said not to
> take it failed to turn over discovery of police.

(*Id.* ¶ 12.) That motion is pending.

Petitioner seeks *habeas corpus* relief from this Court on the following grounds: (1) his

criminal proceedings, which resulted in two mistrials, violated double jeopardy; (2) his right to a

---

[1] The Appellate Division's affirmance addressed the following issues: (1) the trial court
did not abuse its discretion by admitting testimony that Petitioner had access to and was in
possession of a starter pistol that resembled the weapon used in the crimes; (2) the trial court did
not abuse its discretion by admitting surveillance video; (3) Petitioner's allegation of
prosecutorial misconduct on summation was unpreserved for appellate review, and the Appellate
Division declined to address it in the interest of justice; and (4) Petitioner was properly
adjudicated as a persistent felony offender. *See People v. Wilson*, 186 A.D.3d 1166 (1st Dep't
2020).

speedy trial was violated; (3) his trial and appellate counsel were ineffective for failing to raise the double jeopardy issue and failing to challenge the admission of unauthenticated surveillance video; and (4) there was legally insufficient evidence to sustain the conviction. (*Id.* ¶ 9.) In response to questions on the petition form about whether Petitioner exhausted his state court remedies, Petitioner wrote "pending," and "original was stolen at Auburn May 2021 @ SHU." (*Id.*)

## DISCUSSION

### I.     Exhaustion of State Court Remedies

A state prisoner must exhaust all available state remedies before filing a petition for a writ of *habeas corpus* under 2254. 28 U.S.C. § 2254(b); *see Rose v. Lundy*, 455 U.S. 509, 510 (1982). This exhaustion doctrine means that the state courts must be given the first opportunity to review constitutional errors associated with Petitioner's confinement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). A petitioner may satisfy the exhaustion requirement by fairly presenting his claims through a state's established appellate review process. *Id.* "A petitioner has 'fairly presented' his claim only if he has 'informed the state court of both the factual and legal premises of the claim he asserts in federal court.'" *Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997) (quoting *Daye v. Attorney General*, 696 F.2d 186, 191 (2d Cir. 1982)).

In order to exhaust any issues for purpose of *habeas corpus* review, Petitioner must appeal his judgment of conviction to the New York State Supreme Court, Appellate Division. N.Y. Crim. P. L. § 460.70 (McKinney 2010). Should that court's decision adversely affect Petitioner, he should then seek leave to appeal to the New York Court of Appeals, the highest state court. *Id.* at § 460.20 (McKinney 2010); *see Bagley v. LaVallee*, 332 F.2d 890, 892 (2d Cir. 1964). Should Petitioner raise for *habeas corpus* relief any grounds raised in N.Y. Crim. P. L. § 440.10 motions and/or other collateral motions, he must show that those grounds have been

3

completely exhausted by seeking leave to appeal to the New York State Supreme Court, Appellate Division. *Ramos v. Walker*, 88 F. Supp. 2d 233 (S.D.N.Y. 2000).

The petition does not establish that Petitioner has exhausted his state-court remedies with respect to any of the grounds on which he seeks *habeas corpus* relief. The only grounds that have been exhausted are those that were raised on direct appeal, *see* footnote 1, but Petitioner does not assert those grounds in this petition. Petitioner appears to seek *habeas corpus* relief on some of the grounds asserted in his Section 440.10 motion, but that motion remains pending. To exhaust those claims, Petitioner must seek leave to appeal any adverse determination from the trial court to the Appellate Division.[2]

## II.     Leave to Amend Petition

The Court grants Petitioner leave to submit an amended petition within sixty days of the date of this order. Should Petitioner decide to file an amended petition, he must state his grounds for relief and detail the steps he has taken to exhaust them fully in the New York courts. Petitioner must exhaust all available state-court remedies in order to proceed with this petition.[3] *See* 28 U.S.C. § 2254(b)(1). Petitioner is advised that an amended petition completely replaces the original petition.

---

[2] If the amended petition is a "mixed petition," meaning that Petitioner is asserting both exhausted and unexhausted claims, the Court has several options for handling mixed petitions: (1) stay the petition pending exhaustion of all grounds for relief, *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005); (2) dismiss the petition without prejudice pending total exhaustion, *Zarvela v. Artuz*, 254 F. 3d 374, 380-82 (2d Cir. 2001); or (3) consider only the exhausted claims if Petitioner agrees to abandon his unexhausted claims, *id.* If it is clear from the amended petition that Petitioner is asserting only unexhausted claims, the Court will dismiss the petition without prejudice to refiling once he has exhausted his state-court remedies.

[3] The Antiterrorism and Effective Death Penalty Act of 1996 requires that a federal *habeas corpus* petition must be filed within one year of the latest of four dates specified. *See* 28 U.S.C. § 2244(d)(1); *see also Reyes v. Keane*, 90 F.3d 676 (2d Cir. 1996).

## CONCLUSION

Petitioner is directed to file an amended petition containing the information specified above. The amended petition must be submitted to the Clerk's Office within sixty days of the date of this order, be captioned as an "Amended Petition" and bear the same docket number as this order. An Amended Petition Under 28 U.S.C. § 2254 form is attached to this order, which Petitioner should complete as specified above. Once submitted, the Court will review the petition for substantive sufficiency, and then, if the amended petition is sufficient, the case will be reassigned to a district judge in accordance with the procedures of the Clerk's Office. If Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the petition will be denied.

Because Petitioner has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket.

SO ORDERED.

 Dated:    December 27, 2021
          New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                         Chief United States District Judge

AO 241
(Rev. 06/13)

# Petition for Relief From a Conviction or Sentence
# By a Person in State Custody

## (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1.      To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court.  You are asking for relief from the conviction or the sentence.  This form is your petition for relief.

2.      You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered.  If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3.      Make sure the form is typed or neatly written.

4.      You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

5.      Answer all the questions.  You do not need to cite law.  You may submit additional pages if necessary.  If you do not fill out the form properly, you will be asked to submit additional or correct information.  If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6.      You must pay a fee of $5.  If the fee is paid, your petition will be filed.  If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person).  To do that, you must fill out the last page of this form.  Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.  If your account exceeds $ _____ , you must pay the filing fee.

7.      In this petition, you may challenge the judgment entered by only one court.  If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8.      When you have completed the form, send the original and _____ copies to the Clerk of the United States District Court at this address:

**Clerk, United States District Court for**
**Address**
**City, State  Zip Code**

9.      <u>CAUTION:</u> **You must include in this petition all the grounds for relief from the conviction or sentence that you challenge.  And you must state the facts that support each ground.  If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date**.

10.      <u>CAPITAL CASES:</u> **If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel**.

AO 241                                                                                                      Page 2
(Rev. 06/13)                                    **AMENDED**

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**
**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| **United States District Court** | District: |
|---|---|

| Name (under which you were convicted): | Docket or Case No.: |
|---|---|

| Place of Confinement : | Prisoner No.: |
|---|---|

| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|
| v. | |

The Attorney General of the State of

**AMENDED**
**PETITION**

1.    (a) Name and location of court that entered the judgment of conviction you are challenging:




     (b) Criminal docket or case number (if you know):

2.    (a) Date of the judgment of conviction (if you know):

     (b) Date of sentencing:

3.    Length of sentence:

4.    In this case, were you convicted on more than one count or of more than one crime?     ❏   Yes          ❏   No

5.    Identify all crimes of which you were convicted and sentenced in this case:








6.    (a) What was your plea? (Check one)

                    ❏   (1)      Not guilty          ❏   (3)      Nolo contendere (no contest)

                    ❏   (2)      Guilty              ❏   (4)      Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

❑ Jury    ❑ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

❑ Yes    ❑ No

8. Did you appeal from the judgment of conviction?

❑ Yes    ❑ No

9. If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?    ❑ Yes    ❑ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

AO 241
(Rev. 06/13)

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?     ❒  Yes      ❒  No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.     Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?      ❒  Yes      ❒  No

11.     If your answer to Question 10 was "Yes," give the following information:

(a)     (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❒  Yes      ❒  No

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ❑ Yes    ❑ No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❏  Yes      ❏   No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1)  First petition:        ❏  Yes        ❏   No

(2)  Second petition:     ❏  Yes        ❏   No

(3)  Third petition:        ❏  Yes        ❏   No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.      For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c)      **Direct Appeal of Ground One:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?      ❏   Yes      ❏   No

   (2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

      ❏   Yes      ❏   No

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition:

   Name and location of the court where the motion or petition was filed:

   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):

   (3) Did you receive a hearing on your motion or petition?      ❏   Yes      ❏   No
   (4) Did you appeal from the denial of your motion or petition?      ❏   Yes      ❏   No
   (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❏   Yes      ❏   No
   (6) If your answer to Question (d)(4) is "Yes," state:

   Name and location of the court where the appeal was filed:

   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):

   (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)      **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?      ❒ Yes      ❒ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)      **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❒ Yes      ❒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?   ❏   Yes     ❏   No

(4) Did you appeal from the denial of your motion or petition?   ❏   Yes     ❏   No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❏   Yes     ❏   No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c)     **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ❏  Yes        ❏  No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ❏  Yes        ❏  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?        ❏  Yes        ❏  No

(4) Did you appeal from the denial of your motion or petition?        ❏  Yes        ❏  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?        ❏  Yes        ❏  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ❏   Yes          ❏   No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

          ❏   Yes          ❏   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?          ❏  Yes       ❏  No

(4) Did you appeal from the denial of your motion or petition?     ❏  Yes       ❏  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❏  Yes   ❏  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:

AO 241
(Rev. 06/13)

13.    Please answer these additional questions about the petition you are filing:

    (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

           having jurisdiction?    ❏ Yes      ❏ No

           If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

           presenting them:

    (b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

           ground or grounds have not been presented, and state your reasons for not presenting them:

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

       that you challenge in this petition?    ❏ Yes    ❏ No

       If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

       raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

       of any court opinion or order, if available.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

       the judgment you are challenging?    ❏ Yes    ❏ No

       If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

       raised.

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:


(b) At arraignment and plea:


(c) At trial:


(d) At sentencing:


(e) On appeal:


(f) In any post-conviction proceeding:


(g) On appeal from any ruling against you in a post-conviction proceeding:



17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?            ❐  Yes      ❐   No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:



(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?            ❐  Yes      ❐   No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Tab to continue "TIMELINESS OF PETITION" on next page.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
        custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

        (A)     the date on which the judgment became final by the conclusion of direct review or the expiration
                of the time for seeking such review;

        (B)     the date on which the impediment to filing an application created by State action in violation of
                the Constitution or laws of the United States is removed, if the applicant was prevented from
                filing by such state action;

        (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court,
                if the right has been newly recognized by the Supreme Court and made retroactively applicable to
                cases on collateral review; or

        (D)     the date on which the factual predicate of the claim or claims presented could have been
                discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Print          Save As...          Reset