UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARCUS WILSON,

Petitioner,

-against-

AMY LAMANNA and CITY OF NEW YORK,

Respondents.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   2/3/2026

21 Civ. 10714 (AT) (OTW)

**ORDER ADOPTING
REPORT AND
RECOMMENDATION**

ANALISA TORRES, District Judge:

Petitioner *pro se*, Marcus Wilson, brings this habeas corpus petition pursuant to 28 U.S.C. § 2254 against Respondents, Amy Lamanna and the City of New York, challenging the lawfulness of his 2017 New York State conviction on two counts of second-degree robbery. *See* Pet. ¶ 9, ECF No. 1: *see also* Am. Pet., ECF No. 10. Wilson's petition challenges the lawfulness of his conviction, arguing that (1) the evidence of his guilt was insufficient; (2) the trial court violated his Constitutional rights under the double jeopardy and speedy trial clauses; and (3) he was provided ineffective assistance of counsel at trial and on appeal. *See* Pet. ¶ 12. Respondents contend that Wilson's claims are unexhausted, procedurally barred, and meritless. *See* Opp., ECF No. 27. The Court referred Wilson's petition and amended petition to the Honorable Ona T. Wang for a report and recommendation. ECF No. 29.

After careful consideration, Judge Wang issued a report (the "R&R") recommending that Wilson's petition be denied and that a certificate of appealability should not be issued because Wilson has not made a substantial showing of the denial of a constitutional right. *See* R&R at 21, ECF No. 36. The R&R recommended that the Court hold that all claims are procedurally barred, and, in any case, meritless. *See* R&R at 15–21. On December 30, 2025, Wilson filed objections to Judge Wang's R&R. *See* Objs., ECF No. 37; *see also* ECF No. 38 ("The Court will accept Petitioner's objections to the Honorable Ona T. Wang's Report and Recommendation and

will not exclude them as untimely."). On January 15, 2026, Respondents filed a response to Wilson's objections. *See* Resp., ECF No. 39. For the reasons stated below, the Court OVERRULES Wilson's objections and ADOPTS the R&R in full.

**DISCUSSION**

I.      <u>Legal Standard</u>

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the Court reviews *de novo* those portions of the R&R to which the objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3); *see also Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 361 (2d Cir. 2025) ("Where a litigant's objections take issue with a specific legal conclusion in the report and recommendation, they should be considered *de novo*, even if they repeat an argument raised before the magistrate judge." (quotation omitted)). However, the Court reviews strictly for clear error "when the objections are nonspecific or merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) (citation omitted); *see also Nambiar*, 158 F.4th at 359 (requiring a party to object to a finding or recommendation with "sufficient specificity so as reasonably to alert the district court of the true ground for the objection" (citation omitted)). Moreover, "a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate [judge] but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (citation omitted).

A *pro se* party is "generally accorded leniency," and their objections are "construed to 'raise the strongest arguments they suggest.'" *Lanier v. Capra*, No. 21 Civ. 9307, 2023 WL

6795441, at *3 (S.D.N.Y. Oct. 13, 2023) (citing *Milano v. Astrue*, No. 05 Civ. 6527, 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008)).  "Nonetheless, even a *pro se* party's objections to a [r]eport and [r]ecommendation must be specific and clearly aimed at particular findings in the magistrate[ judge's] proposal." *Pinkney v. Progressive Home Health Serv.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal quotation marks and citation omitted).

The Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted).  An R&R is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted); *see also Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009).

II.    Wilson's Objections

Wilson "object[s] . . . to any and everything that [the] Assistant Attorney General has written and stated to the court," states that he has not "received an 'answer to arguments'" that he defines as "active issues," and "requests for permission from the Court[] for leave to appeal th[e] decision." Objs. at 1–2.  His objections do not provide further argument.  Even construing the objections liberally, they are nonspecific and generalized, and the Court, therefore, reviews the R&R for clear error.  *See Miller*, 43 F.4th at 120; *see also Nambiar*, 158 F.4th at 359 ("Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review." (citation omitted)).  The Court finds no clear error in Judge Wang's thorough and well-reasoned R&R.

## CONCLUSION

Accordingly, the Court ADOPTS the R&R in its entirety.  Wilson's petition is DENIED.

Because he has not made a substantial showing of the denial of a constitutional right, the Court

declines to issue a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(2).

The Clerk of Court is respectfully directed to mail a copy of this order to Petitioner *pro se*

at the following two addresses and close the case.

Marcus Wilson
Eastern N.Y. Correctional Facility
30 Institution Road
P.O. Box 338
Napanoch, NY 12458-0338

Marcus Wilson
17-A-3001
Five Points Correctional Facility
State Route 96
P.O. Box 119
Romulus, NY 14541

SO ORDERED.

Dated:  February 3, 2026
        New York, New York

_____
ANALISA TORRES
United States District Judge